UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RAMADA WORLDWIDE INC., | : | |
| Plaintiff, | : | **OPINION** |
| v. | : | Civ. No. 09-4354 (WHW) |
| STEVE YOUNG KIM, AND YOUNG SOON KIM, | : | |
| Defendants. | : | |

**Walls, Senior District Judge**

Plaintiff Ramada Worldwide Inc. ("RWI") moves for default judgment against defendants Steve Young Kim and Young Soon Kim, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. Defendants have not responded to plaintiff's summons and complaint, nor have they replied to plaintiff's motion for default judgment. (Aff. ¶¶ 8-9.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court decides this motion without oral argument. The motion is granted.

**FACTS AND PROCEDURAL BACKGROUND**

On September 25, 2007, plaintiff entered into a License Agreement with defendants for the operation of a 158-room guest lodging facility in Tulsa, Oklahoma. (Compl. ¶ 8 and Ex. A. thereto.) Plaintiff alleges that, under the agreement, defendants were obligated to operate the Ramada facility for a term of fifteen years. (Id. ¶¶ 9-10.) Pursuant to the agreement, defendants were required to make periodic payments to plaintiff for royalties, service assessments, taxes, interest, reservation system user fees, annual conference fees, and other fees

(collectively known as "Recurring Fees").  Additionally, defendants provided plaintiff with a guaranty of their obligations, agreeing that, upon default, they would "immediately make each payment and perform or cause to be performed each obligation required of Licensee under the Agreement."  (Id. ¶¶ 15-16 and Ex. B. thereto.)

On May 27, 2009, plaintiff notified defendants that they were in default under the license agreement and owed $70,398.10 in recurring fees.  (Id. ¶ 19.)  Plaintiff then informed defendants that, as of July 8, 2009, they owed $81,412.11.  (Id. ¶ 20.)  Finally, on August 10, 2009, the plaintiff alerted defendants that the total amount of recurring fees owed was $88,301.63.  (Id. ¶ 21.)  The plaintiff noted that the accuracy of the amount owed could not be confirmed "without an accounting of the receipts and disbursements, profits and loss statements, and other financial materials, statements, and books."  (Id. ¶ 25.)

On September 10, 2009, plaintiff, through the Recon Management Group, attempted to personally serve the defendants with the summons and complaint but, despite diligent effort and inquiry, was unable to locate them.  (Aff. ¶¶ 3-5 and Ex. A & Ex. B thereto.)  Plaintiff then sent a copy of the summons and complaint via certified and regular mail to defendants last known business address.  (Id. ¶¶ 6-7.)  On January 13, 2010, the Clerk of the Court entered default against defendants, based upon defendants' failure to plead or otherwise defend their actions.  (Id. ¶ 8 and Ex. D thereto.)  The Request for Entry of Default was served upon defendants on January 18, 2010.  (Id. ¶ 9 and Ex. E thereto.)  Plaintiff now moves for default judgment against defendants.

**STANDARD OF REVIEW**

**Default Judgment**

Rule 55 of the Federal Rules of Civil Procedure governs a court's decision to grant default judgment. Parties seeking default judgment are not entitled to such relief as a matter of right. See Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1303 (3d Cir. 1995). The clerk of the court must first approve plaintiff's request for entry of default, after which a court may enter default judgment. Fed. R. Civ. P. 55(a). In order to determine if default judgment should be granted, the court must ascertain whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Directv v. Croce, 332 F. Supp. 2d 715, 717 (D.N.J. 2004). Courts should accept as true the well-pleaded factual allegations of the complaint, but need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). A court must "conduct its own inquiry 'in order to ascertain the amount of damages with reasonable certainty.'" Int'l Assoc. of Heat & Frost Insulators v. S. Jersey Insulation Servs., No. 05-3143, 2007 WL 276137, at *1 (D.N.J. Jan. 26, 2007) (quoting In re Indus. Diamonds, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000)).

Once a legitimate cause of action is established, a court decides whether to issue a default judgment by looking at: "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). The issuance of a default judgment is largely a matter of judicial discretion. Hritz v. Woma Corp., 732 F.2d

1178, 1181 (3d Cir. 1984). This "discretion is not without limits," as the Third Circuit's preference is "that cases be disposed of on the merits whenever practicable." Id.

## DISCUSSION

**I. Service of Process**

The court must first assess the adequacy of service of process in order to determine whether default judgment should be entered. Lampe v. Xouth, Inc., 952 F.2d 697, 700-01 (3d Cir. 1991). Proper service of process is required to establish personal jurisdiction over a defendant. Lampe, 952 F.2d at 700-01. Without personal jurisdiction, the court cannot enter a default judgment against the defendant. Id.

Rule 4 of the Federal Rules of Civil Procedure states that a summons may be served upon an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1); see also Midlantic Nat'l Bank v. Ridgedale Farms, No. 87-1802, 1989 U.S. Dist. LEXIS 1325, at *6 (D.N.J. Feb. 7, 1989) (affirming personal jurisdiction in federal court where service of process was effectuated in accordance with the law of the state in which the district court sat).[1]

---

[1] Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure, cited by plaintiff regarding service of process in this case, is not applicable here. This rule relates to service and filing of pleadings and other papers after the original complaint, and not the service of the original summons and complaint. See Bowers v. Scouten, 230 Fed. Appx. 954, 955 (11th Cir. 2007).

New Jersey law provides that the primary method of obtaining personal jurisdiction over a defendant is by "delivering a copy of the summons and complaint to the individual personally." N.J. Ct. R. 4:4-4a. However, if personal service cannot be effectuated, a plaintiff may submit an affidavit containing facts which illustrate that "despite diligent effort and inquiry personal service cannot be made." N.J. Ct. R. 4:4-4b. The plaintiff can then obtain personal jurisdiction over the defendant by mailing "a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail." N.J. Ct. R. 4:4-4b. The mail must be sent to the defendant's dwelling or place of business, with postal instructions to deliver to addressee only. N.J. Ct. R. 4:4-3. Service of process by mail is considered valid "even if defendant does not answer or appear, and may provide the basis for entry of a default judgment." Citibank v. Russo, 759 A.2d 865, 868 (N.J. Sup. Ct. 2000).

There is no single, unchanging rule for determining if "diligent effort and inquiry" has been used when attempting to effectuate personal service upon a defendant. See Prudential Ins. Co. of Am. v. Holladay, No. 07-5471, 2008 U.S. Dist. LEXIS 35360, at *4 (D.N.J. Apr. 28, 2008) (citing Modan v. Modan, 327 N.J. Super. 44, 48-49 (App. Div. 2000)). Instead, the court must conduct a fact sensitive inquiry to ascertain if the plaintiff has exercised sufficient diligence when trying to personally serve the defendant. Id. The plaintiff bears the burden of proving that the requisite amount of diligence has been utilized. Id.

Here, the Court finds that plaintiff complied with New Jersey law regarding service of process. Plaintiff first attempted to personally serve defendants, as is required by New

5

Jersey Court Rule 4:4-4a.  Plaintiff satisfied the diligent inquiry requirement of Rule 4:4-5(c)(2) by (1) undertaking research and processing data to determine the address where the defendants were located (Aff. Ex. A & B); (2) identifying two addresses, including one of which was the same address that the defendant listed in the contract for notices (Aff. Ex. A & B; Agreement at § 17.3); and (3) attempting personal service on at least four separate occasions.  (Aff. Ex. A & Ex. B); see also Travelodge Hotels, Inc. v. Vijay Invs., LLC, 2007 U.S. Dist. LEXIS 93840, at *9 n.5 (D.N.J. Dec. 20, 2007).  Plaintiff further asserts that, for each of the two defendants, "the address is correct and . . . Defendant is evading service of process in this matter." (Aff. Ex. A & Ex. B.)  The Court is satisfied that "not only was there diligent inquiry to find[] [defendants] location but also diligent efforts to effectuate personal service." Travelodge Hotels, Inc., 2007 U.S. Dist. LEXIS 93840, at *9 n.5.

Pursuant to Rule 4:4-4b, the plaintiff then mailed a copy of the summons and complaint to defendants' place of business via certified and regular mail.  (Compl. ¶ 6-7 and Ex. A and Ex. B thereto.)  The Court finds that this method is a sufficient way of serving process, because plaintiff exercised diligent effort and inquiry when attempting to personally serve defendants.

**II. Personal Jurisdiction**

The Court has personal jurisdiction over defendants by virtue of section 17.6.3 of the agreement, pursuant to which defendants consented and waived their objection to "the non-exclusive personal jurisdiction of and venue in the New Jersey state courts . . . and the United

States District Court for the District of New Jersey." (Id. ¶ 5.) The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332 because plaintiff and all defendants are citizens of different states, and the amount in controversy in this matter, exclusive of interest and costs, exceeds the sum of $75,000. (Id. ¶ 4.)

**III. Breach of Contract**

To state a claim for breach of contract, a plaintiff must allege: (1) a valid contract; (2) breach of that contract; and (3) resulting damages. AT&T Credit Corp. v. Zurich Data Corp., 37 F. Supp. 2d 367, 370 (D.N.J. 1990).

The plaintiff's allegations satisfy the three elements of a breach of contract claim. First, plaintiff asserts that "[o]n or about September 25, 2007, RWI entered into the License Agreement with Steve Young Kim and Young Soon Kim for the operation of a 158-room guest lodging facility." (Compl. ¶ 8.) Second, plaintiff contends that there was a breach of contract by the defendants, because "Steve Young Kim and Young Soon Kim have failed to timely pay Recurring Fees as required by the License Agreement." (Id. ¶ 18.) Lastly, plaintiff alleges damages totaling $88,301.63 in Recurring Fees due to RWI as of August 10, 2009." (Compl ¶¶ 19, 21.); see also AT&T Credit Corp., 37 F. Supp. 2d at 370 (finding that the first element of the breach of contract claim was satisfied because a license agreement between the parties existed, the second element was fulfilled by plaintiff's assertion that the defendant failed to make required payments, and the third element was met because the plaintiff showed damages).

**IV. Propriety of Default Judgment**

As discussed, the plaintiff has properly served the defendants with process, the Clerk of the Court has entered default against the defendants, and plaintiff has established a legitimate cause of action for breach of contract. The Court still needs to determine whether default judgment is appropriate, by evaluating "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct." Chamberlain, 210 F.3d at 164.

The Court finds that all three factors favor the granting of default judgment in this case. First, the plaintiff will experience prejudice if default is denied. On May 27, 2009, RWI alleged that it was owed $70,398.10 in Recurring Fees. (Compl ¶ 19.) By August 10, 2009, the estimate for the total amount of Recurring Fees owed by defendants was $88,301.63. (Compl ¶ 21.) As is evidenced by the increasing amounts, the longer the plaintiff does not receive payments, the more it will be harmed. See Cathay Bank v. Green Natural Food, Inc., No. 09-5200, 2010 U.S. Dist. LEXIS 38303, at *4 (D.N.J. Apr. 19, 2010) (holding that the plaintiff would be prejudiced by a denial of default judgment, because the longer the defendant held off on paying the plaintiff, the more money defendant owed).

The second criterion for evaluating whether default judgment should be granted requires the Court to look at whether the defendants appear to have a litigable defense. The defendants have offered no defense to the complaint, and the facts asserted in the complaint do not contain any information that would provide the basis of a meritorious defense. The Court

must assume that the defendants have no litigable defenses available.  See, e.g., Carpenters Health & Welfare Fund of Phila. v. NDK Gen. Contractors, Inc., No. 06-3283, 2007 U.S. Dist. LEXIS 23558, at *5 (E.D. Pa. Mar. 27, 2009) (finding that because the defendant had filed no responsive pleading to the plaintiff's complaint, and the record did not indicate any "litigable defense," the court must presume that the defendant had none).

Finally, defendants delay is the result of their own culpable conduct.  The Third Circuit has defined culpable conduct as "conduct . . . 'taken willfully or in bad faith.'" Chamberlain, 210 F.3d at 164.  The Court finds that there is nothing in the record to suggest that the defendants delay is due to anything but their own culpable conduct.  See Platypus Wear Inc., v. Bad Boy Club, Inc., No. 08-02662, 2009 U.S. Dist. LEXIS 60637, at *15 (D.N.J. July 15, 2009) ("Plaintiff presented exhibits establishing that it properly served defendants. There is nothing before the Court to suggest that defendants' failure to respond to plaintiff's complaint was caused by anything other than defendants' own culpability and willful negligence.").

## CONCLUSION

The Court concludes that default judgment is suitable in this case.  The Court grants plaintiff's motion for default judgment.

**July 15, 2010**                                                                    **s/William H. Walls**
                                                                                       United States Senior District Judge