NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CCP SYSTEMS AG,<br><br>       Plaintiff,<br>v.<br><br>SAMSUNG ELECTRONICS CORP., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG NETWORKS, INC. and IBM CORPORATION,<br><br>       Defendants. | Hon. Dennis M. Cavanaugh<br><br>OPINION<br><br>Civil Action No.: 09-CV-4354 (DMC-JAD) |

DICKSON, U.S.M.J.

This matter comes before the Court upon motion by Samsung Electronics Corporation, Ltd. ("Samsung Electronics") and Samsung Electronics America, Inc. ("Samsung America") (collectively "Samsung") to stay litigation pending the *inter partes* reexamination of U.S. Patent No. 6,684,789 (the " '789 patent") by the United States Patent and Trademark Office ("USPTO").[1] Co-defendant IBM Corporation ("IBM") joins in the motion.[2] Plaintiff CCP Systems AG ("CCP") opposes the motion. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. The Court has carefully considered the parties' submissions, and for the reasons stated below, Samsung and IBM's motion is **granted in part** and **denied in part**.

**I.**     **BACKGROUND**

CCP designs, develops, manufactures, sells and distributes software for use in connection with printers and other computer-related devices. Pl. Compl. ¶ 13, ECF No. 1. In 2004, CCP

---

[1] The Court has been advised that, during the pendency of this motion, the USPTO has issued a non-final Office Action in the *inter partes* reexamination rejecting claims 1-53 of the '789 patent.
[2] Defendant Samsung Networks, Inc. is not a party to this motion because it challenges this Court's jurisdiction.

1

entered into a licensing agreement with IBM Deutschland GmbH ("IBM Germany"), which provided for CCP to license and deliver copies of printer software to IBM Germany and allowed IBM Germany some limited ability to sublicense the software. *Id.* ¶ 16. IBM Germany's sister company in Korea then entered into a sublicense agreement with Samsung Electronics. *Id.* ¶ 17. CCP allegedly terminated the licensing agreement with IBM Germany on May 25, 2009. *Id.* ¶ 20. Samsung Electronics, Samsung America and Samsung Networks, Inc. ("SNI") (collectively "the Samsung Defendants") allegedly continued to distribute the CCP printer software, both as stand-alone software bundled in Firmware and as software incorporated into devices. *Id.* ¶ 22. The Samsung Defendants also allegedly made CCP's software available on the Samsung website. *Id.* ¶ 23. IBM has allegedly been selling servers and other devices incorporating CCP's software after the expiration of the respective software license in December 2006. *Id.* ¶¶ 73-75.

CCP filed its complaint against the Samsung Defendants and IBM on August 25, 2009. The complaint alleges direct and indirect copyright infringement by the various Samsung Defendants in Counts I-IV and patent infringement by the Samsung Defendants in Count VI. Count V alleges copyright infringement by IBM.

On November 2, 2009, SNI filed a motion to dismiss CCP's complaint against SNI for lack of personal jurisdiction. Also on November 2, 2009, Samsung filed a counterclaim seeking a declaratory judgment that the '789 patent is invalid and not infringed by Samsung. Finally, on November 2, 2009 Samsung America filed a motion to dismiss Count III of Plaintiff's Complaint or, in the alternative, to stay Count III pending arbitration, because Samsung America alleged that the claims asserted in Count III fell within the scope of the license agreement that provided for mandatory arbitration of any related disputes.

On June 21, 2010, Judge Cavanaugh issued an opinion (1) staying Count III pending the conclusion of any arbitral proceedings; and (2) denying without prejudice SNI's motion to dismiss, with leave to renew the motion after the completion of jurisdictional discovery.

On July 16, 2010, Samsung Electronics filed a request with the USPTO for *inter partes* reexamination of all claims in the '789 patent. Decl. of R. Fram Ex. 1, ECF No. 72-2. The reexamination request identified several prior art references that were not considered by the USPTO during examination of the '789 patent. *Id.* These prior art references allegedly render all of the claims of the '789 patent invalid as either anticipated under 35 U.S.C. § 102(b) or obvious under 35 U.S.C. § 103(a). *Id.* Following the submission of the reexamination request, Samsung moved on August 20, 2010 for a stay of all claims against them pending the *inter partes* reexamination of the '789 patent. On August 27, 2010, IBM joined in the motion and requested that Count V in the Complaint against IBM be stayed as well.

On October 14, 2010, the USPTO ordered reexamination of all claims in the '789 patent. Decl. of S. Frankel Ex. 1, ECF No. 85-1. On November 19, 2010, the USPTO issued a non-final Office Action in the reexamination rejecting all 53 claims of the '789 patent as either anticipated under 35 U.S.C. § 102(b) or obvious under 35 U.S.C. § 103(a). Second Decl. of S. Frankel Ex. 1, ECF No. 92-1. CCP is allowed until December 19, 2010 to file a response to the Office Action and Samsung Electronics has 30 days to file responsive comments after any response by CCP. *Id.*

## II. STANDARD OF REVIEW

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Linkenmeyer v. Novartis Pharms., Corp.*, 2008 U.S. Dist. LEXIS 18608, at *3 (D.N.J. Mar. 10, 2008) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

3

This power includes the authority to stay a patent case while the USPTO conducts reexamination. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). A court is not required to stay litigation in light of reexamination, but it may exercise its discretion in issuing a stay. *See Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001); *see also Stryker Trauma S.A. v. Synthes*, 2008 U.S. Dist. LEXIS 23955, at *4 (D.N.J. Mar. 26, 2008). In deciding whether to stay litigation pending patent reexamination, a court must balance the benefits of the stay against the costs. *Motson v. Franklin Covey Co.*, 2005 U.S. Dist. LEXIS 34067, at *2 (D.N.J. Dec. 15, 2005) (internal citation omitted). Courts generally consider three factors in this analysis: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Stryker Trauma S.A.*, 2008 U.S. Dist. LEXIS 23955, at *4 (citing *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999)).

### III. DISCUSSION

#### A. DEFENDANTS' REQUEST FOR A STAY OF CLAIMS RELATED TO PATENT INFRINGEMENT

<u>1. Undue Prejudice or Tactical Disadvantage to CCP</u>

CCP argues that a stay pending reexamination of the '789 patent would unduly prejudice CCP because such a stay would postpone litigation for years. However, "[t]he delay inherent to the reexamination process does not constitute, by itself, undue prejudice." *Photoflex Products, Inc. v. Circa 3 LLC*, 2006 U.S. Dist. LEXIS 37743, at *5 (N.D. Cal. May 24, 1996) (citing *Pegasus Dev. Corp. v. DirecTV, Inc.*, 2003 U.S. Dist. LEXIS 8052, at *2 (D. Del. May 14, 2003)); *see also Everett Labs., Inc. v. River's Edge Pharms., LLC*, 2009 WL 4508584, at *4 (D.N.J. Nov. 24, 2009) (noting that "delay, alone, is not dispositive of the issue of prejudice, particularly given such

delay is common to all stayed cases."). CCP does not assert any special circumstances that warrant a finding that a stay would unduly prejudice it. CCP's situation is no different from that of any other plaintiff in a patent infringement case in which the defendant seeks a stay pending USPTO reexamination. In fact, since CCP has obtained a stipulated preliminary injunction preventing the Samsung Defendants from engaging in certain types of activities, CCP is in a better position than many patent infringement plaintiffs. *See* Stipulated Prelim. Inj., ECF No. 30. Therefore, such a delay will not unduly prejudice CCP.

Furthermore, a stay will not place CCP at a tactical disadvantage. CCP argues that Samsung Electronics delayed seeking reexamination in an attempt to gain a tactical advantage. Courts generally consider a delay in seeking reexamination when evaluating the propriety of a request for a stay. *See Middleton, Inc. v. Minn. Mining & Mfg. Co.*, 2004 U.S. Dist. LEXIS 16812, at *23 (S.D. Iowa Aug. 24, 2004). Although Samsung Electronics waited more than eight months after filing its counterclaim of invalidity before requesting the *inter partes* reexamination, this is not necessarily evidence of an improper delay.

Samsung Electronics has explained that it delayed filing the reexamination request because it did not want to jeopardize the then-ongoing settlement discussions with CCP. Other courts have also found similar delays in seeking reexamination to be acceptable. *See, e.g., In re Laughlin Prods., Inc., Patent Litig*, 265 F. Supp. 2d 525, 532 (E.D. Pa. 2003) (reexamination request was timely even though reexamination requester knew of prior art for over two years). Accordingly, the Court does not find the delay in this matter improper or that it was caused by Samsung Electronics for tactical advantage.

2. Simplification of Issues in Litigation

A stay will simplify the litigation because the *inter partes* reexamination will address many

issues regarding the '789 patent. "A stay is particularly justified where the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were cancelled in the reexamination, would eliminate the need to try the infringement issue." *Everett Labs., Inc. v. River's Edge Pharms., LLC*, 2009 WL 4508584, at *3 (D.N.J. Nov. 24, 2009) (quoting *In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005)). Also, because it is possible that any claims surviving reexamination may be amended, a stay would prevent resources from being expended on cancelled or amended claims. *ICI Uniqema v. Kobo Prods., Inc.*, 2009 WL 4034829, at *1 (D.N.J. Nov. 20, 2009). Notwithstanding, "even if the reexamination [does] not lead to claim amendment or cancellation, it could still provide valuable analysis to the district court." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1428 (Fed. Cir. 1988). In fact, a reexamination procedure is "intended to provide the federal courts with the expertise of the [USPTO]." *GPAC, Inc. v. D.W.W. Enters., Inc.*, 144 F.R.D. 60, 63 (D.N.J. 1992).

As both the validity and infringement of the '789 patent are currently before this Court, the parties and the Court will benefit from the USPTO's analysis during the reexamination of the '789 patent. All of the claims in the '789 patent are being reexamined by the USPTO. Accordingly, both the enablement and infringement issues may be simplified or eliminated as a result of the reexamination. Furthermore, Samsung will be estopped from making any invalidity arguments in this matter that are raised or can be raised during the *inter partes* reexamination. 35 U.S.C. § 315(c). Therefore, simplification of the litigation supports a stay of the patent litigation at this time.

### 3. Stage of the Case

Finally, a stay of the patent litigation is favorable because of the early stage of this case.

Although some preliminary motions have been filed, general discovery has not yet begun, nor has a discovery schedule been entered. Other courts have granted stays much further into litigation. *See, e.g., Stryker Trauma S.A. v. Synthes*, 2008 U.S. Dist. LEXIS 23955, at *4 (D.N.J. Mar. 26, 2008) (finding the stage of the case favored a stay even though a jury verdict of infringement had already issued); *see also Motson v. Franklin Covey Co.*, 2005 U.S. Dist. LEXIS 34067, at *2 (D.N.J. Dec. 15, 2005) (finding the stage of the case favored a stay even though discovery was complete and summary judgment had been decided). As the case is still in a relatively early stage, the burden of the patent litigation will be reduced by a stay pending the USPTO reexamination.

## B. DEFENDANTS' REQUEST FOR A STAY OF CLAIMS UNRELATED TO PATENT INFRINGEMENT

A stay of an entire case will not reduce the burden of litigation if issues completely unrelated to patent infringement will remain after the USPTO reexamination. *Photoflex Products, Inc. v. Circa 3 LLC*, 2006 U.S. Dist. LEXIS 37743, at *6 (N.D. Cal. May 24, 1996) (citing *IMAX Corp. v. In-Three, Inc.*, 385 F. Supp. 2d 1030, 1033 (C.D. Cal. 2005)). Indeed, unrelated matters "would continue to be an issue . . . a stay would not preserve many resources." *Photoflex Products* at *6 (quoting *IMAX Corp.* at 1033).

In this case, the copyright infringement counts are "unrelated" to the patent claims. Although there is some overlap in the products that are the subject of the copyright and patent infringement claims, the Complaint is unclear regarding which products specifically are covered by the '789 patent.

With respect to the same product, copyrights and patents protect different aspects of the software. A software copyright protects the computer programmer's expression of the idea, whereas a software patent protects the actual processes or methods embodied in the software. *See*

*Apple Computer, Inc. v. Franklin Computer, Corp.*, 714 F.2d 1240, 1252 (3d Cir. 1983). Finally, the copyright counts would remain even if all of the claims in the '789 patent were cancelled during reexamination. Indeed, the copyright counts will be unchanged whether the patent claims are cancelled, amended or allowed without amendment. Therefore, the copyright infringement counts are unaffected by the fate of the '789 patent. As the copyright litigation burden will not be reduced by staying pending reexamination, a stay of the copyright infringement counts asserted against Samsung is not necessary or helpful.

Similarly, there is no reason to stay Count V of the Complaint, the copyright infringement claim against IBM. IBM joins the motion despite the fact that there are no patent claims against IBM, nor is there any overlap between the copyright count asserted against IBM and the copyright counts against Samsung.[3] IBM claims that it is entitled to a stay of Count V because IBM will need discovery from CCP and the Samsung Defendants regarding their relationship and contractual negotiations in order to refute CCP's assertion that it validly terminated the agreement between CCP and IBM Germany. However, because the Court finds that a stay of the copyright claims against Samsung is not necessary, IBM will not be prevented from seeking such discovery.

The defendants assert that efficiency is not served by staying the patent infringement claims and moving forward with the copyright claims. They argue discovery will be duplicative because many of the same witnesses will be deposed in connection with both the patent and copyright claims. However, the discovery need not be duplicative. There are facts that are relevant to the copyright claims but are irrelevant to the patent claim, and vice versa. For example, evidence demonstrating that the Samsung Defendants copied CCP's software would be relevant to copyright infringement but may be irrelevant to patent infringement. *See Allen Eng'g*

---

3 Count V against IBM implicates only CCP's JISS OpenPower software, but the copyright counts against Samsung implicate different software.

8

*Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336, 1351 (Fed. Cir. 2002) ("[C]opying . . . is of no import on the question of whether the claims of an issued patent are infringed."). Similarly, any evidence demonstrating that the Samsung Defendants' actions fell within the fair use exception would only be relevant to the copyright infringement claims and not the patent claim. *See Loew's Inc. v. Columbia Broad. Sys., Inc.*, 131 F. Supp. 165, 174 (S.D. Cal. 1955) ("While a patent confers an exclusive right to use, a copyright contemplates and permits fair use by all persons of the copyrighted work.").

Additionally, this Court does not find the possible future threat of re-deposing witnesses persuasive. Since the USPTO may amend or cancel claims during reexamination of the '789 patent, there may be no remaining claim of patent infringement once reexamination is completed. In such a situation, a second round of depositions or expert reports would be unnecessary. Moreover, even if the patent infringement claim survives the USPTO reexamination and an individual needs to be re-deposed, the second deposition would be limited to topics and documents relevant to the patent infringement claim and would not include any information that was covered during the first deposition.[4]

To the extent that some facts may be common to both the patent and copyright counts, these facts are currently discoverable for litigation of the copyright counts. Any discovery that only involves facts relevant to the patent infringement and validity issues will be postponed and ultimately may become unnecessary, depending on the outcome of the *inter partes* reexamination and any appeals thereof. If there are remaining patent infringement and invalidity issues after the completion of reexamination, then discovery may commence as to these issues.

---

[4] Furthermore, defendants admit that the underlying facts are the same, while the legal theories are different. Accordingly, there need not be a second deposition.

## IV. CONCLUSION

For the foregoing reasons, Samsung and IBM's motion to stay the litigation is **granted** as to Count VI and Counterclaims I and II, but is **denied** as to Counts I, II, IV and V.

_____
Hon. Joseph A. Dickson, U.S.M.J.