UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CCP SYSTEMS AG, :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>SAMSUNG ELECTRONICS CORP., LTD. :<br>et al., :<br>:<br>Defendants. :<br>: | Civil Action No. 09-4354 (SRC)<br><br>**OPINION** |

**CHESLER**, **U.S.D.J.**

This matter comes before the Court pursuant to this Court's Order entered December 2, 2015, requiring Plaintiff to obtain new counsel within 30 days; on three motions by Defendants Samsung Electronics America, Inc. and Samsung Electronics Corp., Ltd. (collectively, "Samsung"): 1) the motion to file and adopt the Special Master's Final Report and Recommendation and to dismiss Plaintiff's claims with prejudice; 2) the motion for a protective order as to decrypted computer code; and 3) Samsung's motion for fees and costs; and on the motion to dismiss the Second Amended Complaint for lack of prosecution by Defendant IBM Corporation ("IBM"). For the reasons stated below, all motions will be granted.

In the Order entered December 2, 2015, the Court granted the motion to withdraw as counsel for Plaintiff CCP Systems AG by counsel for Plaintiff, Lite DePalma Greenberg, LLC, relieving the firm as counsel, which left the corporate Plaintiff unrepresented by counsel. The Court Ordered that Plaintiff file an appearance by substitute counsel within 30 days of the date of entry of that Order, and that Lite DePalma Greenberg, LLC make all reasonable efforts to communicate this Court's decision to Plaintiff, and certify the efforts that were made. On

January 6, 2016, Lite DePalma Greenberg, LLC filed a certification stating that it had sent emails to the management of the Plaintiff corporation, and had received no response. Plaintiff has not communicated with this Court in any way in response to the Order of December 2.

"[A] corporation may appear in the federal courts only through licensed counsel." Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993). Plaintiff has been Ordered to obtain substitute counsel within 30 days and has failed to do so. This Court finds that Plaintiff has failed to prosecute its case.

Samsung has filed three motions now before this Court. Plaintiff has not responded to these motions in any way. Because Plaintiff has not responded, and because Plaintiff has been found to have failed to prosecute its case, this Court treats the three motions as unopposed.

Samsung moves to file and adopt the Special Master's Final Report and Recommendation and to dismiss Plaintiff's claims with prejudice. On July 2, 2015, the Special Master appointed by this Court on March 11, 2013, the Hon. Garrett E. Brown, Jr., following lengthy proceedings, including a bench trial, submitted a Decision. In brief, the Special Master conducted a trial on all unresolved factual and legal issues in July of 2014, and the Decision presents the Special Master's opinion and decision on all issues that were presented at trial. In the Decision, the Special Master found that Plaintiff had failed to prove the merits of any affirmative claim at issue. On October 9, 2015, the Special Master submitted the Final Report and Recommendation (the "Report"). In the Report, the Special Master recommended that this Court adopt three decisions he had made: 1) the phase 8 decision issued on December 16, 2013; 2) the December 16 decision and order; and 3) the Decision issued on July 2, 2015.

Federal Rule of Civil Procedure 53(f) states:

>   (3) Reviewing Factual Findings. The court must decide de novo all objections to findings of fact made or recommended by a master, unless the parties, with the court's approval, stipulate that:
>       (A) the findings will be reviewed for clear error; or
>       (B) the findings of a master appointed under Rule 53(a)(1)(A) or (C) will be final.
>   (4) Reviewing Legal Conclusions. The court must decide de novo all objections to conclusions of law made or recommended by a master.

In the Consent Order appointing the Special Master, this Court approved the parties' stipulation that findings of fact in the Report would be reviewed by this Court for clear error. Thus, this Court now reviews the Special Master's legal conclusions de novo, and the factual findings are reviewed for clear error.

This Court has reviewed the Report, and the underlying decisions by the Special Master, and finds that there are no clear errors in the Special Master's findings of fact. No objections to the Report have been filed. This Court has reviewed all of the Special Master's legal conclusions under a *de novo* standard, and will affirm them and adopt them as the decisions of this Court. The motion to adopt the Special Master's Report will be granted. This Court hereby affirms and adopts the Report and the three decisions cited in the Report: 1) the phase 8 decision issued on December 16, 2013; 2) the December 16 decision and order; and 3) the Decision issued on July 2, 2015. As a consequence of the adoption of these recommendations, and of the Decision issued on July 2, 2015, Judgment on all claims in the Second Amended Complaint will be entered in Samsung's favor.

Samsung has also moved to recover fees and costs. This motion is unopposed and will be granted. Samsung shall submit documentation of its fees and costs to the Court, which will then determine the proper amounts for the award.

Samsung has moved for a protective Order, requiring CCP and its agents to destroy any

copies or decrypted versions of Samsung's firmware.  This motion is unopposed and will be granted.

Lastly, Defendant IBM has moved to dismiss the sole claim against it in the Second Amended Complaint for lack of prosecution.  Federal Rule of Civil Procedure 41(b) states: "If the plaintiff fails to prosecute . . . , a defendant may move to dismiss the action or any claim against it."  This motion is unopposed and, pursuant to Rule 41(b), will be granted.


                                                 s/ Stanley R. Chesler  
                                         Stanley R. Chesler, U.S.D.J.

Dated:   January 12, 2016